UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREG COHEN PROMOTIONS, LLC *on its own behalf and derivatively*,<br><br>Plaintiff,<br><br>v.<br><br>OFFABBOT, LLC; OFFABBOT SPORTS, INC.; OFFABBOT SPORTS, LLC; FRANK SAMUEL; TORBEN H. VON STADEN; EVAN RUTKOWSKI; KURT EMHOFF; ABC CORP or PARTNERSHIP or LLC d/b/a RING CITY U.S.A.,<br><br>Defendants. | Civil Action No.<br><br>20-20243 (MCA) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Greg Cohen Promotions, LLC's motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County. (ECF No. 12). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court respectfully recommends that plaintiff's motion to remand be **DENIED**.

## I.  BACKGROUND

Plaintiff Greg Cohen Promotions, LLC commenced this action in the Superior Court of New Jersey, Law Division, Essex County in October 2020. The Complaint essentially alleges that defendants violated an agreement with plaintiff to create a business partnership concerning the sport of boxing. (Compl., ECF No. 1-1). Defendant Offabbot Sports, Inc. timely removed the

action to this Court on December 23, 2020. (Notice of Removal, ECF No. 1). The remaining named defendants - Offabbot, LLC; Offabbot Sports, LLC; Frank Samuel; Torben H. Von Staden; Evan Rutkowski; and Kurt Emhoff – joined in and consented to removal on the same day. (ECF No. 3).

Defendants removed on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332(a). The Notice of Removal averred that all defendants were completely diverse in their citizenship from plaintiff and that the amount in controversy exceeded the $75,000 threshold. (Notice of Removal, ECF No. 1). But with respect to the three limited liability company parties – plaintiff Greg Cohen Promotions, LLC; defendant Offabbot, LLC; and defendant Offabbot Sports, LLC – the Notice of Removal made the common error of pleading the citizenship of each limited liability company ("LLC") as if it were a corporation, by averring the state of incorporation and principal place of business, rather than pleading the citizenship of each member of an LLC as required. *See id.* ¶¶ 9, 11, 12; *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F3d 412, 420 (3d Cir. 2010) (noting "citizenship of an LLC is determined by the citizenship of its members").

After plaintiff filed the instant motion to remand on the grounds that subject matter jurisdiction had not been established due to the absent citizenship allegations as to the LLC parties' members, defendants sought to cure this omission by filing an Amended Notice of Removal supplying the missing LLC jurisdictional allegations. It is undisputed on this motion that the Amended Notice demonstrates the existence of complete diversity of citizenship between plaintiff and defendants and that the minimum amount in controversy under 28 U.S.C. § 1332(a) is met. (*See* Am. Notice of Removal ¶¶ 13, 15, 16, ECF No. 13).[1] Plaintiff, however, argues that remand

---

[1] As set forth in the Amended Notice of Removal, plaintiff is a New Jersey citizen, and all defendants are citizens of Delaware, California, or New York. Specifically, defendant Offabbot Sports, Inc. is a citizen of Delaware and California; defendant Offabbot, LLC is a citizen of

is appropriate because the amendments to the Notice of Removal were not cognizable after expiration of the 30-day removal period under 28 U.S.C. § 1446.

## II. DISCUSSION

Because the Amended Notice of Removal demonstrates the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a), the sole question on this motion is whether defendants were permitted to cure the defective LLC allegations by amending the original removal petition. The starting point of this analysis is 28 U.S.C. § 1653, which provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  The Third Circuit has interpreted this statute to allow amendments to removal petitions that merely clarify or correct technical deficiencies in the jurisdictional allegations contained in the original removal petition. *USX Corp. v. Adriatic Ins. Co*., 345 F.3d 190, 205 n. 12 (3d Cir. 2003).   Further, the Circuit has found amendment of allegations regarding an LLC's citizenship to fall within this permitted amendment category.  *Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (directing district court on remand to permit plaintiff to amend jurisdictional allegations as to LLC parties to demonstrate diversity jurisdiction that previously had been invoked but not properly substantiated).

Here, defendants were permitted under 28 U.S.C. § 1653 to amend the Notice of Removal to correct the technical deficiencies in the jurisdictional allegations as to the LLC parties.  Contrary

---

California because both of its members (Frank Samuel and Lauren Bayer) are citizens of California; defendant Offabbot Sports, LLC, in the time it was in existence, was a citizen of California because all five of its members (Frank Samuel, Jeffrey Huggins, Torben von Staden, Evan Rutkowski, and Eric Weinberger) are citizens of California; defendants Frank Samuel, Torben H. von Staden, and Evan Rutkowski are all citizens of California; and defendant Kurt Emhoff is a citizen of New York.  (Am. Notice of Removal ¶¶ 14-20, ECF No. 13).  Plaintiff Greg Cohen Promotions, LLC is averred to be a citizen of New Jersey because its sole member (Greg Cohen) is a citizen of New Jersey.  (*Id.* ¶ 13).

3

to plaintiff's contention, the amendments did not amount to an untimely invocation of the Court's subject matter jurisdiction after the 30-day period for removal prescribed by 28 U.S.C. § 1446. Because the original, timely filed removal petition had averred the existence of diversity jurisdiction, albeit by alleging an improper basis for determining the citizenship of the LLC parties, the amendments to correct the citizenship allegations as to the LLC parties fell within the scope permitted by § 1653, as demonstrated by the Third Circuit's opinion in *Voorhees*, 761 F. App'x at 91. The vast majority of decisions from district courts within this Circuit, both before and after *Voorhees*, hold likewise. *See O'Boyle v. Braverman*, No. 08-cv-553, 2008 WL 11381906, at *2-3 (D.N.J. Aug. 12, 2008), *aff'd*, 337 F. App'x 162 (3d Cir. 2009); *Copley v. Evolution Well Servs., LLC*, No. 20-cv-1442, 2020 WL 6743254, at *1–3 (W.D. Pa. Nov. 17, 2020); *Skywark v. Healthbridge Mgmt., LLC*, No. 15-cv-58, 2015 WL 13621058, at *2–3 (W.D. Pa. July 22, 2015); *Hallstead-Great Bend Joint Sewer Auth. v. McElwee Grp., LLC*, No. 16-cv-1467, 2016 WL 3916296, at *2 (M.D. Pa. July 20, 2016); *but see Dragani v. Genesse Valley Investors,* No. 11-cv-1193, 2011 WL 2491066 (D.N.J. June 6, 2011) (predating the Circuit's decision in *Voorhees*, 761 F. App'x 88). Accordingly, the Amended Notice of Removal was effective to establish the Court's subject matter jurisdiction, rendering remand inappropriate.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Remand be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Madeline C. Arleo, U.S.D.J.

Dated: June 28, 2021

        <u>*s/ Leda Dunn Wettre*</u>
        Leda Dunn Wettre
        United States Magistrate Judge

Original: Clerk of the Court
  cc: Hon. Madeline C. Arleo, U.S.D.J.
    All Parties